**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

IVAN HEATH LEE,              *
                                  *
          Plaintiff,     *
v.                        *
                                  *     No. 1:12-cv-00085-SWW-JJV
INDEPENDENCE COUNTY DETENTION *
CENTER; *et al.,*            *
                                  *
          Defendants.   *

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Ivan Lee, an inmate at the Independence County Detention Facility (Jail) filed this

*pro se* action, alleging he was attacked at the Jail and denied medical attention (Doc. No. 2 at 4).

He submitted an Amended Complaint in accordance with the Court's October 2, 2012, Order (Doc.

No. 8).  Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure

to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II.    FACTS AND ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law.   *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993).  The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Complaint, Plaintiff only named the Independence County Detention Facility as a Defendant (Doc. No. 2).   In an Order dated October 2, 2012, the Court notified Plaintiff that the "Jail is not considered a 'person' within the meaning of 42 U.S.C. § 1983." (Doc. No. 8 at 4.)  He was given an opportunity to amend his Complaint with instructions that the he was required to:

3

**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether the incident occurred while he was incarcerated as a pretrial detainee, or as a convicted inmate.**

*Id.*

On October 16, 2012, Plaintiff filed an Amended Complaint that identifies a "person," Lt. William Fergason, but fails to cite any allegations of unconstitutional conduct against this Defendant. (Doc. No. 9 at 4). Therefore, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted.

The Independence County Detention Facility is also dismissed because a Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); and *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint and Amended Complaint (Doc. Nos. 2, 9) against Defendants be DISMISSED for failure to state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 30th day of October, 2012.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.